# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| J. GREGORY KENNEDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0475-WS-C |
| | ) |
| BOLES INVESTMENT, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on the setoff issues presented in the parties' respective Motions for Judgment on the Pleadings (docs. 9, 31), as well as plaintiff's Motion to Stay Entry of Final Judgment Pending Disposition of State Court Appeal (doc. 51).

On June 7, 2011, the undersigned entered a lengthy Order (doc. 41) that, *inter alia*, awarded judgment to plaintiff, J. Gregory Kennedy, and against defendants, Boles Investment, Inc. and Ian Boles (collectively, "BI/Boles"), in the amount of $3,330,000 based on defendants' failure to pay off the subject promissory note at maturity. The June 7 Order also awarded judgment to BI/Boles on Kennedy's claims seeking award of prejudgment interest, attorney's fees and late fees. Because both sides' Rule 12(c) Motions also sought entry of judgment as to certain setoff issues (concerning whether and to what extent this federal judgment would be properly set off against a larger state-court judgment previously entered in favor of BI/Boles and against Kennedy), the June 7 Order directed supplemental briefing on those matters.[1] A Judgment (doc. 42) entered contemporaneously with that Order memorialized its key determinations.

---

[1] As described in the June 7 Order, the setoff issues joined by the parties in this case consisted of the following: "(a) whether Kennedy is entitled to a right of setoff at all; (b) if so, how that setoff should be calculated; and (c) the overall amount of any setoff and the net total of any judgment that may be entered." (Doc. 41, at 24.)

In the wake of the June 7 Order and Judgment, the state court entered an order in the related litigation that effectively, conclusively resolved all pending setoff issues in this case. In particular, on July 19, 2011, Baldwin County Circuit Judge James Reid entered an Order whose salient features were as follows: (i) Kennedy's request to set off the federal judgment against the state judgment retroactively to July 2, 2009 (so as to avoid accrual of two-plus years of post-judgment interest at Alabama's statutory rate of 12%) was denied; (ii) the federal judgment was set off against the state judgment effective the day of entry of July 19 Order, leaving an unpaid balance of $684,386.99 owed by Kennedy to BI/Boles on the state judgment, with interest continuing to accrue on that figure at 12% per annum; and (iii) Kennedy was ordered to file a satisfaction of judgment in this action as to the $3.33 million judgment entered by the undersigned on June 7, 2011. (*See* doc. 49, at Exh. A.) On August 3, 2011, Kennedy filed a Notice of Satisfaction (doc. 50) in this District Court, reflecting "that this Court's Judgment of June 7, 2011 (Document 42) has been fully satisfied."

The July 19 Order in state court fully, finally adjudicated the very setoff issues that are pending in this action. As such, principles of collateral estoppel / issue preclusion bar relitigation of those matters here. "Collateral estoppel is an equitable defense that bars a party from relitigating an issue that has been resolved in an earlier case." *Bonner v. Lyons, Pipes & Cook, P.C.*, 26 So.3d 1115, 1121 (Ala. 2009) (citation omitted).[2] For collateral estoppel to apply, the following elements are required: "(1) that an issue in a prior action was identical to the issue litigated in the present action; (2) that the issue was actually litigated in the prior action; (3) that resolution of the issue was necessary to the prior judgment; and (4) that the same parties are involved in the two actions." *Unum Life Ins. Co. of America v. Wright*, 897 So.2d 1059, 1082-83 (Ala. 2004) (citation omitted). "Where these elements are present, the parties are barred from relitigating issues actually litigated in a prior suit." *Id.* (citations omitted). All of these elements

---

[2] State law, rather than federal law, governs the application of collateral estoppel principles in this case. *See, e.g., Green v. Jefferson County Com'n*, 563 F.3d 1243, 1252 (11th Cir. 2009) ("When we are considering whether to give *res judicata* effect to a state court judgment, we must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation.") (citations omitted); *Mike Smith Pontiac, GMC, Inc. v. Mercedes-Benz of North America, Inc.*, 32 F.3d 528, 532 (11th Cir. 1994) ("State law governs whether a state court judgment bars a subsequent federal diversity action under the doctrine of collateral estoppel.").

are unquestionably present here. The setoff issues joined in this action, about which the parties have filed dueling Rule 12(c) Motions, are identical to those presented to Judge Reid in the state court action, were actually litigated and necessarily decided in that action, and involved precisely the same parties in both actions. Accordingly, the doctrine of collateral estoppel bars the parties from relitigating setoff issues in this case at this time. This determination is hardly controversial, as the parties appear cognizant that they can no longer proceed on the setoff issues in this case. Indeed, in the wake of the July 19 Order issued by the state court, neither side has asked this Court to revisit Judge Reid's setoff determinations, much less to evaluate such issues anew.[3]

In light of the foregoing, the parties' respective Motions for Judgment on the Pleadings (docs. 9, 31) are **denied** insofar as they seek Rule 12(c) adjudication of setoff issues. Moreover, any and all claims for setoff joined in the pleadings are **dismissed** based on the preclusive effect of the state court's disposition of precisely the same claims involving precisely the same parties.[4]

Kennedy's claims for setoff having been jettisoned, there are no longer any pending, active claims or causes of action joined herein. In other words, there are no issues left for this Court (or a factfinder at trial) to decide. Nonetheless, Kennedy has filed a "Motion to Stay Entry of Final Judgment Pending Disposition of State Court Appeal" (doc. 51). The Motion reflects that Kennedy may wish to pursue an appeal of this Court's June 7 Order finding that, as a matter of law, he is not entitled to prejudgment interest, attorney's fees and late fees on BI/Boles' breach of the underlying promissory note. The Motion further indicates that Kennedy desires to appeal that issue only if his corresponding state-court appeal of the setoff issues is unsuccessful. On that basis, Kennedy asks this Court to preserve this case in suspended animation, despite the

---

[3] For example, although Kennedy (as to whom the state-court setoff ruling was unfavorable) has filed post-July 19 documents in this action acknowledging the existence of the July 19 Order, he has not suggested that it would be appropriate or even permissible for this Court to review that decision. Any such argument would appear futile under applicable law, in any event.

[4] Even if preclusion were inapplicable for some reason, the Court would exercise its discretion to abstain from hearing Kennedy's setoff claims (and essentially reviewing the state-court decision) based on considerations of federalism, comity, equity and judicial economy. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1173 (11th Cir. 19820 ("Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.").

absence of any unresolved legal or factual issues, without entering a final judgment (and thereby starting the appeal clock running for Kennedy) until such time as the state-court appeal is concluded. The only rationale provided by Kennedy for the requested stay is a cursory reference to judicial economy.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Under the circumstances presented here, the undersigned finds in its discretion that a stay is not appropriate. Judicial economy would not be served by keeping this action open indefinitely on the docket of this District Court, when there are literally no claims, causes of action or defenses left to be resolved, simply to allow Kennedy to take a wait-and-see approach before deciding whether to appeal the June 7 Order and Judgment to the Eleventh Circuit. It may be more convenient to Kennedy to prosecute one appeal at a time; however, there is no legal or practical reason why he could not pursue both appeals simultaneously, given that they concern distinct, non-overlapping legal issues. Besides, it would not likely be more convenient to BI/Boles for this action to be stayed, thereby raising the spectre of sequential (rather than concurrent) appeals in related cases that might cause this already-hoary dispute (which has been litigated continuously for more than six years to date) to stretch out well beyond the foreseeable future. Finally, the undersigned believes that any request for stay is more appropriately directed to one or both appellate courts (where live disputes are or may soon be pending) rather than to this Court (where there is nothing left to adjudicate).

For all of the foregoing reasons, it is **ordered** as follows:

1. The parties' Motions for Judgment on the Pleadings (docs. 9, 31) are **denied** insofar as they seek Rule 12(c) adjudication of setoff issues;
2. Any and all claims for setoff joined in the pleadings are **dismissed without prejudice** based on the preclusive effect of the state court's disposition of precisely the same claims involving precisely the same parties, as well as considerations of comity and judicial economy;

3. Plaintiff's Motion to Stay Entry of Final Judgment (doc. 51) is **denied**; and
4. The Court will enter a separate final judgment, at which time the Clerk of Court is directed to close this file for administrative and statistical purposes.

DONE and ORDERED this 8th day of August, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE